IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANCESK SHKAMBI<br><br>   Petitioner,<br><br>vs.<br><br>MERRICK GARLAND,<br><br>   Respondent. | CASE NO. 4:22-CV-01184-CAB<br><br>DISTRICT JUDGE<br>CHRISTOPHER A. BOYKO<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>REPORT &<br>RECOMMENDATION |

Petitioner Francesk Shkambi filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Doc. 1. He argues that he is entitled to good-conduct-time credit for time served in an Albanian prison. The Attorney General disagrees and so do I. I recommend that the Court deny Shkambi's petition.

**Factual and Procedural History**

Shkambi served nearly 36 months in an Albanian prison, from September 2008 through July 2011. Doc. 1, at 11. He was arrested by federal authorities in February 2012 and remained in custody after that time. *Id*. Shkambi was sentenced in July 2014 by the United States District Court for the Eastern District of Texas to 324 months' imprisonment. *Id*. That court adjusted Shkambi's sentence to account for the 36 months he served in Albania. *Id*.

Shkambi administratively sought good-conduct-time credit for the time he served in an Albanian prison. Doc. 1, at 13. He also asked that his Albanian prison be retroactively designated as his place of confinement for his federal sentence. *Id*. Ian Connors, national inmate appeals administrator for the Bureau of Prisons, denied Shkambi's request for good-conduct-time credit. Doc. 1, at 11 (citing Bureau Program Statement 5880.28, https://www.bop.gov/policy/progstat/5880_028.pdf, and 18 U.S.C. § 3585(b)). Connors also determined that a retroactive designation was "not appropriate" because Shkambi's "federal sentence [began] on the date of imposition, the earliest possible date." *Id*.

Shkambi then filed a habeas petition and argued that section 102(b)(1)(A)(i) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. §3624(b)(1), required that he be given good-conduct-time credit for his time served in an Albanian prison. Doc. 1-2, at 6–7 (quoting *Butler v. Warden, FCI Ray Brook*, No. 9:18-cv-1354, 2019 WL 3547500, at *6 (N.D.N.Y. Aug. 5, 2019)). He also challenged the Bureau's refusal to retroactively designate his Albanian prison. *Id*. at 9–10.

The Government answered the petition and moved for summary judgment. But the Government appeared to argue both that the Bureau's "interpretation of a statute [it's] charged with administering … is entitled to deference," Doc. 6, at 4, *and* that Shkambi was wrong to argue that "18 U.S.C. § 3624(b)(1) is ambiguous," *id*. at 5; *see id*. at 6. Because of the inherent

inconsistency in the Government's position, *see Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984),[1] I directed the government to answer five questions, including (1) whether its position is that 18 U.S.C. § 3624(b)(1) is unambiguous, and (2) if the statute is ambiguous, the decision to which the Government argues the Court should defer. Doc. 8.

The Government responded that it takes no position on whether the statute is ambiguous and instead merely asserts that Shkambi's interpretation is unreasonable. Doc. 9, at 1. And it doubles down in response to three of the remaining questions, asserting that the statute straight-forwardly bars good-conduct-time credit for the time Shkambi spent in an Albanian prison. *Id*. at 2. *But see Schleining v. Thomas*, No. 09-1087-MA, 2010 WL 3521611, at *4 (D. Or. Sept. 7, 2010) ("[t]here has been much litigation surrounding the interpretation of § 3624(b), and courts have repeatedly determined that the statute is ambiguous"), *aff'd*, 642 F.3d 1242 (9th Cir. 2011).

## Discussion

As an initial matter, claims for good-conduct-time credit raised by federal prisoners are cognizable under 28 U.S.C. § 2241. *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle … for

---

[1] Typically under *Chevron*, statutes are either "clear" or "ambiguous," but not both. *Chevron*, 467 U.S. at 842–43. If the former, "the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id*. at 842–43. If the latter, "the question for the court is whether the agency's [interpretation] is based on a permissible construction of the statute." *Id*. at 843.

3

challenging matters concerning the execution of a sentence such as the computation of good-time credits"); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself."). And the question of what a statute says and what it permits is reviewed de novo. *United States v. Lumbard,* 706 F.3d 716, 720 (6th Cir. 2013). As noted, there is no issue to consider regarding agency deference and, in any event, the Government hasn't identified an interpretation to which the Court should defer.

Two statutes are relevant to Shkambi's claim. Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." And 18 U.S.C. § 3624(b)(1) provides:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, *may receive credit toward the service of the prisoner's sentence*, of up to 54 days for each year of the prisoner's sentence imposed by the court, *subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations*. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding

4

> credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. *Credit that has not been earned may not later be granted.* Subject to paragraph (2), credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.

18 U.S.C. § 3624(b)(1) (emphasis added).

Reading Sections 3585(a) and 3624(b)(1) together makes it apparent that Shkambi's position is untenable. Section 3585(a) unambiguously provides that a federal sentence does not begin until a defendant is either (1) "received in custody" for "transportation to … the official detention facility at which the sentence is to be served," or (2) "arrives voluntarily to commence service of sentence at, the official detention facility *at which the sentence is to be served.*" 18 U.S.C. § 3585(a) (emphasis added); *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007). It's axiomatic that a sentence doesn't exist before it's imposed. And this Court cannot order that Shkambi's sentence began before it was imposed. *Wells*, 473 F.3d at 645. Further, good-conduct-time credit is earned "toward the service of the prisoner's sentence." 18 U.S.C. § 3624(b)(1). "[T]he most natural reading of" Section 3624(b)(1), therefore, "is that a defendant is eligible for [good-conduct-time credit] only as to the 'term of imprisonment' which constitutes the defendant's federal sentence as defined by § 3585." *Lopez*

5

*v. Terrell*, 654 F.3d 176, 184 (2d Cir. 2011); *see Schleining v. Thomas*, 642 F.3d 1242, 1248 (9th Cir. 2011).[2]

The time that Shkambi served in Albanian prison predated his arrest in this country and the imposition of his sentence. So it could not constitute time "actually served" on his federal sentence in this country.[3]

There's more. A prisoner can only receive good-conduct-time credit of "up to 54 days for each year of *the* prisoner's *sentence imposed by the court*." 18 U.S.C. § 3624(b)(1) (emphasis added). The statute's use of the definite article in reference the prisoner's sentence suggests that Congress was concerned with one sentence—the one that was imposed. *See Rumsfeld v. Padilla*, 542 U.S.

---

[2] In *Schleining*, the court said:

> Because a prisoner can receive [good-conduct-time] credit only on time served on his federal sentence, and his federal sentence does not "commence" until after he has been sentenced in federal court, Schleining is not eligible for GCT credit for the 21 months he spent in state custody—serving a state sentence—before imposition of his federal sentence. This holding not only tracks the language of § 3585(a) and § 3624(b)(1); it also makes practical sense."

642 F.3d at 1248.

[3] Shkambi was arrested in February 2012 on federal charges and held in custody from then until he was sentenced. Doc. 1, at 11. Although he would have been eligible for credit for the time from his arrest until when he was sentenced, that eligibility would have been based on the fact that his time in pretrial custody amounted to time in service of his sentence. Although the Bureau in that situation "will typically grant the defendant a credit against his sentence under 18 U.S.C. § 3585(b) for that period, … the agency is only empowered to do so after the district court has imposed its sentence." *Lopez*, 654 F.3d at 184.

426, 434 (2004) (explaining that the "use of the definite article ... indicates that there is generally only one" person covered); *Watkins v. Stephenson*, 57 F.4th 576, 580 (6th Cir. 2023) ("The use of the definite article ('the') shows that Rule 15 refers to one specific document."). And here, *the* sentence imposed is the one imposed by the Eastern District of Texas. Shkambi's time in an Albanian prison was not served under "*the* … sentence imposed by the court."

Further, a prisoner's ability to receive "up to 54 days for each year of the prisoner's sentence imposed by the court," is conditioned on the Bureau's "determination … that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Under Shkambi's preferred interpretation, the Bureau would have to retroactively determine whether Shkambi complied, in an exemplary manner, with his Albanian prison's rules. But he supplies no reason to believe that Congress intended this unlikely result.[4]

Shkambi filed a response to the Bureau's letter filed in my response to my order. For reasons that are unclear, Shkambi begins by referencing an April 2022 "memorandum for file" drafted by Amy Lemoine, an Operations Manager with the Bureau's Designation and Sentence Computation Center.

---

[4] The Bureau denied Shkambi's request that it retroactively designate his Albanian prison as his place of imprisonment. *See* Doc. 1, at 11. Shkambi does not challenge this aspect of the Bureau's decision. *See* Doc. 1-2, at 9 (referencing the fact that he sought "a nunc pro tunc designation of the Albanian prison system as his officially designated place of confinement"). He has thus abandoned the issue. But even if he had not abandoned this issue, for the reasons stated, the result would not change.

Doc. 11, at 1; *see* Doc. 6-1, at 44. In pertinent part, Lemoine stated that her office had been unable to obtain "an official record of custody in Albania on Mr. Shkambi's date and time of incarceration." Doc. 6-1, at 44. As a result, "there appears to be no merit to his claim of eligibility for foreign credits in this case." *Id.*

Shkambi says that Lemoine's "information is stale and immaterial because … Connors had obviously obtained said information." Doc. 11, at 1. Shkambi is correct; Connors's later decision reflects that he knew the specifics of Shkambi's Albanian incarceration. *See* Doc. 1, at 11. But because Connors was aware of the specifics of Shkambi's Albanian incarceration and took it into account, it's unclear why the "staleness" of Lemoine's information matters.

Shkambi adds that Lemoine's memorandum shows that the Bureau could "obtain[] information from Albanian authorities about Albanian prison sentences." Doc. 11, at 3. This is no doubt true, as Connors's decision reflects. Connors's decision also reflects, however, that obtaining that information doesn't change the result.[5]

---

[5] Shkambi cites several decisions in his reply to the Bureau's letter but the decisions don't help him. Doc. 11, at 2; *see Schleining*, 642 F.3d at 1246 ("the [Bureau's] own regulations allow prisoners serving concurrent state-federal sentences *in state prison* to accrue GCT credit toward their federal sentence *after* their federal sentence has been imposed"); *id.* at 1248 (quoted above in note 2); *Hood v. Grondolsky*, No. 12-11368-JGD, 2012 WL 6061211, at *5 (D. Mass. Dec. 5, 2012) (involving a concurrent sentence); *Kelly v. Daniels*, 469 F. Supp. 2d 903 (D. Or. 2007) (same).

Shkambi's position is inconsistent with the relevant statutes. He is not entitled to good-conduct-time credits for his time spent in an Albanian prison.

## Conclusion

For all the reasons set forth above, I recommend that the Court grant Respondent's motion, Doc. 6, and deny Shkambi's petition.

Dated: March 10, 2023

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).