UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCESK SHKAMBI, | ) | CASE NO. 4:22-CV-01184 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MERRICK GARLAND, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

On March 10, 2023, the assigned Magistrate Judge issued a Report and Recommendation ("R&R") (ECF # 12) recommending the Court grant Respondent's Motion for Summary Judgment (ECF # 6) and deny Petitioner's 28 U.S.C. § 2254 Writ of Habeas Corpus.  (ECF # 1.) Petitioner has objected to the R&R (ECF # 16) and Respondent has filed a response.  (ECF # 19.) For the reasons that follow, the Court **ACCEPTS** and **ADOPTS** the R&R, **GRANTS** Respondent's Motion for Summary Judgment and **DENIES** the Petition.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States,* 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he

district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## MAGISTRATE JUDGE'S FINDINGS AND THE PARTIES' OBJECTIONS

The R&R sets forth in detail the factual and procedural history of the case, which the Court adopts in full here.  In synopsis, Petitioner has a history of participation with large scale, long term organized crime responsible for the international distribution of drugs.  He served nearly 36 months in an Albanian prison, from September 2008 through July 2011, related to a 5-year sentence of confinement imposed by the Crime Directorte, Tirana, Albania.  The sentence was imposed for Petitioner's "production and possession of narcotics", among other charges and alongside co-defendants.

During his Albanian detention, he was indicted on October 15, 2009 in the United States District Court for the Eastern District of Texas on one Count of Conspiracy to Distribute or Possess with Intent to Distribute Cocaine, Heroin, 3,4 Methylenedioxymethamphetatmine ("Ecstasy") or Marijuana; and one Count of Conspiracy to Commit Money Laundering.  (E. Dist. Tex. Case No. 4:09-CR-00193, ECF # 1.)  Petitioner was arrested in the United States on February 8, 2012, after his release from Albanian prison.  The case proceeded to trial where a jury found Petitioner guilty of the conspiracy to distribute drugs, specifically finding a conspiracy to distribute more than 5 kg of cocaine, more than 1 kg of heroin, 50 kg of marijuana, and a detectable amount of Ecstasy.  Prior to sentencing, Petitioner sought a downward departure

from the Sentencing Guidelines because the same heroin on which his Albanian conviction was predicated was used to convict him in here in the United States.  (*Id.*, ECF # 415.)  The sentencing court agreed, and Petitioner was sentenced to 324 months imprisonment, which included a 36-month adjustment for time served on his Albanian conviction as provided by U.S.S.G. § 5G1.3(b).

Petitioner sought good conduct time credit from the Bureau of Prisons ("BOP") for the time he served in an Albanian prison.  He also asked that his Albanian prison be retroactively designated as his place of confinement for his federal sentence.  Those requests were denied. Consequently, Petitioner filed a writ of habeas corpus arguing that section 102(b)(1)(A)(i) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. §3624(b)(1), required that he be given good conduct time credit for his time served in Albanian prison.  He also challenged the Bureau's refusal to retroactively designate his Albanian prison. The Government answered the petition and moved for summary judgment asserting that the relevant statutes straight-forwardly bar good conduct time credit for the time Petitioner spent in a foreign prison prior to his federal incarceration.

The Magistrate Judge first determined that Petitioner's claim for good conduct time credit was cognizable in a petition for writ of habeas corpus.  He then examined two statutes: 18 U.S.C. § 3585(a), concerning when a term of imprisonment commences, and 18 U.S.C. § 3624(b)(1), which outlines eligibility for good conduct time credit.  Reading them together, the Magistrate Judge concluded that Petitioner's argument is untenable because it would award credit for time in prison prior to the commencement of a prisoner's sentence, a logical fallacy requiring the sentence to exist before it was imposed.  He further reasoned that Congress's use of the definite article, "the" in 18 U.S.C. § 3624(b)(1) with regard to the prisoner's sentence dictates that

Congress was concerned with one sentence—the one that was imposed, i.e., the sentence from the Eastern District of Texas, not Petitioner's time in Albanian prison.

Petitioner enumerates ten objections to the conclusions of the Magistrate Judge:

1. Describing the BOP's response to Petitioner's request for good conduct time credit as a "denial" as too generous because the BOP's response failed to appreciate the concept of "retroactively concurrent sentence";

2. The Magistrate Judge's interpretation of 18 U.S.C. §3624(b)(1) "unduly restrictive";

3. The conclusion to deny GCT credit is contrary to BOP practice;

4. Because there is no agency deference to consider, the Court should reject any litigation position proffered by Respondent;

5. The Magistrate Judge construed the good conduct time statute, 18 U.S.C. §3624(b)(1), too restrictively;

6. The Magistrate Judge's reliance on the use of the definitive article, "the" to recommend denying good conduct time credit is unduly restrictive;

7. The Magistrate Judge failed to account for the intent of the drafters of the First Step Act;

8. The Magistrate Judge discounts the First Step Act's break from the past by citing pre-amendment cases interpreting construction of the statute;

9. The Magistate Judge failed to address Petitioner's argument that the statute is remedial in nature and should be construed broadly;

10. Petitioner requests de novo review of his filings.

Respondent generally asserts that despite their numerosity, Petitioner's objections are improper in that they raise arguments that had not been presented to the Magistrate Judge or simply express disagreement with the Magistrate Judge's decision, neither of which demonstrate legal or factual error upon which the Court should reject the R&R. Respondent also specifically addressed each of the enumerated objections.

**ANALYSIS**

Respondent is correct that the bulk of Petitioner's objections are general disagreements with the Magistrate Judge's conclusions, and although the enumerated objections contain numerous legal citations and offer interpretations of law, they do not demonstrate actual error but rather, Petitioner's insistence that the statute be read differently from established law to accommodate his request for good conduct time credit.  The Court finds that, except for Petitioner's Objection No. 8, discussed below, Petitioner's objections are general in nature and present disagreement with the Magistrate Judge's resolution rather than demonstrations of legal or factual error and overrules them on that basis.  *See Howard v. Sec'y of Health & Hum. Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991) (A general objection to an R&R is the same as a failure to object and a proper basis to overrule an objection.)

Further, the objections fall into several general categories: statutory interpretation, real world practice and language quibbles.  For example, Petitioner's Objection No. 1 to the Magistrate Judge's description of the BOP's "denial" of good conduct time credit is meaningless pedantry.  Whether the BOP understood his request as part of his argument for a "retroactively concurrent sentence" is immaterial to the fact that the BOP did not grant Petitioner's request for good conduct time credit for his time spent in Albanian prison.

Petitioner's objections that the Magistrate Judge interpreted the relevant statutes improperly are without merit.  The Magistrate Judge relied in part on *Lopez v. Terrell,* 654 F.3d 176, 184 (2d Cir. 2011) for the proposition that prisoners are only eligible for good conduct time credit on their federal sentence and not for any periods of presentence custody.  The Magistrate Judge's reliance on *Lopez* is well-placed.  The *Lopez* Court analyzed when the BOP may award "time-served" credit under 18 U.S.C. § 3585(b) and when the Sentencing Guidelines instruct a district court to adjust the defendant's federal sentence based on the time already served on a

non-federal, i.e., state or foreign, sentence and applying that analysis to calculation of good conduct time credit. The *Lopez* Court concluded that under the law, "[t]he agency will not award GCT for any presentence time in custody adjusted under U.S.S.G. § 5G1.3(b) because that time does not constitute part of the defendant's federal sentence having already been credited to the defendant's [non-federal] sentence." *Lopez,* 654 F.3d at 185. Here, Petitioner's sentencing judge awarded a 36 month sentence adjustment under U.S.S.G. § 5G1.3(b), thus, under *Lopez,* Petitioner is not eligible for good conduct time credit for his time in Albanian prison.

Further, the *Lopez* Court analysis comports with the real-world observations of Petitioner's "jailhouse lawyer", David Calhoun, and fellow inmate, James Skyler Sebastian. Both of the affidavits submitted by Calhoun and Sebastian observe that when the BOP awards "time-served" credit for state sentences, it also awards GCT. Those observations are inapplicable to Petitioner. Petitioner did not receive a sentence credit from the BOP, but a sentence adjustment from the district court. "A sentencing *adjustment* imposed by a court under the sentencing guidelines, § 5G1.3(b), and a sentence *credit* given by the BOP under federal statute, § 3585(b), both have the effect of reducing the time a prisoner must serve in prison. However, they have different implications for the calculation of GCT." *Butler v. Warden,* FCI Ray Brook, No. 9:18-CV-1354 (LEK), 2019 U.S. Dist. LEXIS 130039, at *9 (N.D.N.Y. Aug. 5, 2019) (emphasis in original) (examining *Lopez*, 654 F.3d at 184-85).

Petitioner objects to any application of *Lopez* on the basis that it pre-dates the amendments enacted by the First Step Act, but fails to provide any authority for the proposition that the amendments render the interpretation provided by *Lopez* faulty. The Court is not persuaded that the relevant statutes, even after First Step Act amendment and even construed broadly, were intended to permit a prisoner to receive good conduct time credit on a downward

sentence adjustment under § 5G1.3(b).  Such an interpretation amounts to a "double-dip" of reductions in the amount of time served by a prisoner.  Such an interpretation is not reasonable, nor supported by the plain language of the statutes or prior interpretations of those statutes.  The Court finds the reasoning of *Lopez* and its progeny persuasive and still applicable.

The remainder of Petitioner's objections are merely rehashes of the arguments originally presented to the Magistrate Judge.  Accordingly, they are not proper objections subject to de novo review as they do not "alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  To be clear, to the extent Petitioner's objections do nothing more than state a disagreement with the Magistrate Judge's suggested resolution, or simply summarizes and repeats what has been presented before, they are not proper "objections" as that term is used in the context of Federal Rule of Civil Procedure 72. *Id.* at 747.  Other than what was reviewed above, Petitioner's objections do not identify errors in the Magistrate Judge's well-reasoned analysis and disposition of the issue but instead offers justifications for Petitioner's alternative interpretation.

The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned. To the extent Petitioner has raised a proper objection, the Court finds upon de novo review that those objections are without merit.  Accordingly, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation.  Respondent's Motion for Summary Judgment is **GRANTED.**  The Petition for Writ of Habeas Corpus is **DISMISSED**.

The Court finds an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915(a)(3).  Defendant has failed to make a substantial showing that he was denied any Constitutional right.  The Court thus declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); § 2255, Rule 11(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

/s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 29, 2023**